1   Abbas Kazerounian, Esq. (SBN: 249203)
    ak@kazlg.com
2   **KAZEROUNI LAW GROUP, APC**
    245 Fischer Avenue, Suite D1
3   Costa Mesa, CA 92626
4   Telephone: 800.400.6808
    Facsimile: 800.520.5523
5
6   Yana A. Hart, Esq. (SBN: 306499)
    yana@kazlg.com
7   **KAZEROUNI LAW GROUP, APC**
    2221 Camino Del Rio South, Suite 101
8   San Diego, CA 92108
9   Telephone: (619) 233-7770
    Facsimile: (619) 297-1022
10
11  *Counsel for Plaintiff and the*
    *Putative Class*
12

13

14              **IN THE UNITED STATE DISTRICT COURT**

15      **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

16

17  RYAN ODOM, on behalf of himself and         Case No.: 5:20-cv-00851
    others similarly situated,
18                                              CLASS ACTION COMPLAINT
    Plaintiff,
19                                              VIOLATIONS OF THE
    v.                                          TELEPHONE CONSUMER
20                                              PROTECTION ACT of 1991, 47
    ECA MARKETING, INC.,                        U.S.C § 227
21
    Defendant.
22
23                                              DEMAND FOR JURY TRIAL

24

25

26

27

28

**INTRODUCTION**

1. Ryan Odom ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ECA Marketing, Inc. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology— for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.  Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION & VENUE

7.  This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 *et seq*.

8.  This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant made unsolicited marketing calls to California consumers. Defendant's marketing campaign, which caused harm to purported class members across the country, emanated from Minnesota. As such, Defendant has purposefully availed itself of the laws and markets of the

1  State of California and this District by intentionally calling individuals located

2  in California with the California area codes.

3  9.   Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons (i)

4  Plaintiff resides in the County of Riverside, State of California, which is within

5  this judicial district; (ii) the conduct complained of herein occurred within this

6  judicial district; and (iii) Defendant conducted business within this judicial

7  district at all times relevant.

## PARTIES & DEFINITIONS

8

9  10.  Plaintiff is, and at all times mentioned herein was, a natural person residing in

10  the City of Corona, County of Riverside, in the State of California.

11  11.  Defendant is, and at all times mentioned herein, was a Minnesota corporation,

12  with its principal place of business in St. Paul, Minnesota. Defendant regularly

13  conducts business within the State of California.

14  12.  Defendant is, and at all times mentioned herein was, a "person" as defined by

15  47 U.S.C. §153 (39).

16  13.  Defendant, "ECA Marketing is a National Annuity and Life Marketing

17  Organization doing business in all 50 states and several U.S. territories."[1]

## FACTUAL ALLEGATIONS

18

19  14.  Upon information and belief, Defendant regularly makes autodialed telephone

20  calls to consumers in order to solicit business.

21  15.  Plaintiff is, and has been at all times relevant to this action, the regular and sole

22  user of his cellular telephone number.

23  16.  At no point did Plaintiff inquire Defendant about its services or provide

24  authorization to receive autodialed calls or prerecorded messages on his

25  cellular telephone from Defendant.

26  17.  Nonetheless, on or around March 8, 2020, at approximately 9:13 PM,

27  Defendant called Plaintiff's cellular telephone from the number +1(877) 941-

28  _____

[1] https://www.ecamarketing.com/PublicAboutECA/AboutECA

5273 and left a one minute and forty second, pre-recorded voice message stating:

> If your clients are like [pause] If your clients are like most Americans, they save the majority of their retirement assets in tax deferred vehicles like 401ks and IRAs. Tax rates go up, how much of their hard-earned money will they really get to keep? In David McKnight's groundbreaking book, The Power of Zero, he provides you with a step by step road map on how to get to a 0% tax bracket effectively eliminating tax rate risk from your client's retirement picture. Why is the 0% tax bracket so powerful? Because if tax rates double, two times zero is still zero. The day of reckoning is fast approaching. Are you ready to do what it takes to help your clients experience the power of zero? Go to pozfaststart.com, that's pozfaststart.com to get your free kit. Take your first step to cranking up your marketing and request your free power of zero fast start kit. Included in the kit are twenty-five copies of the best-selling The Power of Zero hard covered books, twenty-five copies of The Power of Zero the tax [inaudible] Is Coming DVDs, an exclusive video guide featuring best-selling author and MPRT Top of the Table Agent David McKnight, and how to use both the books and the video for successful prospecting. You'll also get a fast-acting bonus, cracking the iul code two virtual summit recordings on demand. Total value of this free offer is $1,994. Yours free, conditions and restrictions may apply. Go to pozfaststart.com, that's pozfaststart.com.

18. As of March 26, 2020, the webpage located at http://pozfaststart.com advertises the sale of the "Power of Zero Fast Start Kit", and includes links to register for these marketing materials.  Defendant's corporate logo is located on the bottom left corner of the webpage.  The bottom right corner of the webpage includes the language "Copyright 2020 ECA Marketing Inc.  All Rights Reserved, as well as the disclaimer "Conditions and Restrictions may apply.  Minimum new target life production of $2500 or $50k Annuity MYGA

or FIA premium through ECA Marketing with any carrier required. All business must go paid, any charge backs will be billed to agent along with retail cost of the POZ Fast Start package.  Carrier contracting required."[2]

19. Plaintiff did not give "prior express consent," to receive calls from an ATDS or leave a pre-recorded voice mail message.

20. Defendant's call was not for the purpose of an emergency.  Defendant's call was unsolicited and not in response to an inquiry from Plaintiff.

21. Upon information and belief, Defendant has a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a pre-recorded or automated voice and an ATDS.

22. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

24. The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, id. § 227(b)(3)(B). However, if the court finds that the defendant "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

25. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

---

[2] http://pozfaststart.com.

26.  As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

27.  Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

## STANDING

28.  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) valid injuries in fact; (b) which are traceable to the conduct of Defendant; and (c) are likely to be redressed by a favorable judicial decision. *See, Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### *"Injury in Fact" Prong*

29.  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

30.  For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant placed a call Plaintiff's cellular telephone, using an ATDS and pre-recorded voice. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

31.  For an injury to be "particularized" means the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.  In this case, Defendant invaded Plaintiff's privacy and peace by calling his cellular telephone, and did this with the use of an ATDS and pre-recorded message. Furthermore, Plaintiff became preoccupied and annoyed listening to Defendant's voice message. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative Classes.

***"Traceable to the Conduct of Defendant" Prong***

32. The second prong required to establish standing at the pleadings phase is Plaintiff must allege facts to show his injuries are traceable to the conduct of Defendant.

33. Upon information and belief, Defendant placed the March 8, 2020 call, to market its "Power of Zero Fast Start Kit", which would include payments and commission fees for Defendant's services.[3] Defendant's March 8, 2020 call directing Plaintiff to Defendant's website http://pozfaststart.com is the sole source of Plaintiff's injuries. Therefore, Plaintiff has illustrated facts that show his injuries are traceable to the conduct of Defendant.

***"Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

34. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show the injuries are likely to be redressed by a favorable judicial opinion.

35. In the present case, Plaintiff's Prayer for Relief includes a request for damages for the call Defendant placed, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative Classes.

36. Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

38. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any call from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any

---

[3] *Id.*

automatic telephone dialing system or prerecorded voice within the four years prior to the filing of this Complaint.

39. Defendant and its employees or agents are excluded from the Class.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. **Numerosity.** Plaintiff does not know the number of members in the Class but believes the Class members number is in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter. The Class can be identified through Defendant's records and/or Defendant's agent's records.

42. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   ii. Whether Defendant's conduct was knowing and/or willful;

   iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

iv.   Whether Defendant should be enjoined from engaging in such conduct in the future.

43.   **Typicality.** As a person who received a call from Defendant in which Defendant used an ATDS and/or an automated and prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

44.   **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class in that Plaintiff has no interest antagonistic to any Class member. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

45.   **Superiority.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

46.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## First Cause of Action

### Negligent Violations of the TCPA

### 47 U.S.C. § 227 *et seq.*

47.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.   The foregoing acts and omissions of Defendant constitute multiple negligent

violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Violations of the TCPA

## 47 U.S.C. § 227 *et seq.*

51.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.  The foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

55.  Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and each Class member the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class pray for further judgment as follows against each Defendant:

### First Cause of Action

### Negligent Violations of the TCPA

### 47 U.S.C. § 227 *et seq.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### Second Cause of Action

### Knowing and/or Willful Violations of the TCPA

### 47 U.S.C. § 227 *et seq.*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

56. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  April 21, 2020

Respectfully submitted,

s/ *Abbas Kazerounian*
Abbas Kazerounian, Esq.
ak@kazlg.com
*Counsel for Plaintiff and the Putative Class*