1   Mark D. Erickson (Bar No. 104403)
      mark.erickson@haynesboone.com
2   Kenneth G. Parker (Bar No. 182911)
      kenneth.parker@haynesboone.com
3   Andrea Levenson (Bar No. 323926)
      andrea.levenson@haynesboone.com
4   **HAYNES AND BOONE, LLP**
    600 Anton Boulevard, Suite 700
5   Costa Mesa, California 92626
    Telephone: (949) 202-3000
6   Facsimile: (949) 202-3001

7   Attorneys for Defendant
    ECA MARKETING, INC.
8

9                  **UNITED STATES DISTRICT COURT**

10      **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

12   RYAN ODOM, on behalf of himself          )   Case No.:  5:20-CV-00851 JGB
     and others similarly situated,           )   (SHKx)
13                                            )
                                              )   **NOTICE OF MOTION AND**
14              Plaintiff,                     )   **MOTION OF DEFENDANT ECA**
                                              )   **MARKETING, INC. TO DISMISS**
15        vs.                                  )   **PLAINTIFF'S SECOND CLAIM**
                                              )   **FOR RELIEF UNDER FED. R.**
16   ECA MARKETING, INC.,                      )   **CIV. PROC. 12(b)(6);**
                                              )   **MEMORANDUM OF POINTS**
17              Defendant.                     )   **AND AUTHORITIES IN**
                                              )   **SUPPORT**
18                                            )
                                              )   Date:          August 31, 2020
19                                            )   Time:          9:00 a.m.
                                              )   Courtroom:     1
20                                            )
                                              )   *[Proposed] Order Lodged*
21                                            )   *Concurrently Herewith]*
                                              )
22                                            )   Complaint filed:  04/21/2020
                                              )
23                                            )

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION OF DEFENDANT TO DISMISS SECOND CLAIM
FOR RELIEF

1  **TO THE HONORABLE COURT, TO ALL PARTIES, AND TO**

2  **THEIR ATTORNEYS OF RECORD HEREIN:**

3      **PLEASE TAKE NOTICE** that, on August 31, 2020, at 9:00 a.m. in

4  Courtroom 1 of the United States District Court, Central District of California,

5  Eastern Division, located at 3470 Twelfth Street, Riverside, California, 92501,

6  Defendant ECA Marketing, Inc. ("ECA" or "Defendant") will and hereby does

7  move this Court for an order dismissing Plaintiff Ryan Odom's ("Plaintiff") second

8  claim for relief (styled as "cause of action") against ECA for knowing and/or

9  willful violations of the TCPA (47 U.S.C. § 227 *et seq.*) in Plaintiff's Complaint

10  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

11  upon which relief can be granted.

12      This Motion is made following the conference of counsel pursuant to Local

13  Rule 7-3 that took place on July 21, 2020. This Motion is brought pursuant to

14  Federal Rules of Civil Procedure 7 and 12(b)(6). The Motion is based on this

15  Notice, the Memorandum of Points and Authorities submitted concurrently

16  herewith, the papers, pleadings, and records on file herein, including, without

17  limitation, the Complaint, and on such other and further evidence as may be

18  presented at or before the hearing on this matter.

19

20  DATED: July 27, 2020        HAYNES AND BOONE, LLP

21

22                  By:   */s/ Kenneth G. Parker*

23                      Kenneth G. Parker
                    Attorneys for Defendant

24                      ECA MARKETING, INC.

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT TO DISMISS SECOND CLAIM
FOR RELIEF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Ryan Odom ("Plaintiff") alleges that a single pre-recorded voice message received on his cell phone from ECA Marketing, Inc. ("ECA" or "Defendant") was a knowing and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Accordingly, Plaintiff brings this putative class action.

But this case is not about spam messages sent to random phone numbers. ECA is an independent marketing organization that helps connect financial advisors (like Plaintiff), asset managers, and life insurance agents with the tools and resources needed to obtain more business and select the best products for their clients.  And Plaintiff fails to plead any facts that suggest ECA acted in knowing or willful violation of the TCPA.

Instead, Plaintiff generically alleges the willfulness claim in a manner that simply parrots the statutory language and is not sufficient under Rule 8 or relevant authority, most importantly *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009); *and In re Gilead Sci. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008). Because Plaintiff's allegations do not satisfy the plausibility standard Rule 8 requires, this Court should dismiss Plaintiff's second claim for relief.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff makes the following allegations in his Complaint.  By summarizing the allegations herein, ECA does not admit their truth and contests the factual allegations, even if presumed true for this motion[1].

---

[1] ECA disputes Plaintiff's version of the facts and intends to vigorously defend Plaintiff's first claim for negligent violation of the TCPA as well as Plaintiff's class allegations.  However, this motion to dismiss will focus solely on the second claim for relief.

1

On April 21, 2020, Plaintiff, on behalf of himself and others similarly situated, filed a class-action complaint in the Central District of California.  In his complaint, he alleges both negligent and knowing and/or willful violations of the TCPA, 47 U.S.C. § 227 *et seq.*  Specifically, Plaintiff alleges that on March 8, 2020, he received ***one pre-recorded voice message*** on a cell phone number for which he is the sole regular user.   (See Complaint ¶ 17.)

Plaintiff alleges that the website identified in the voicemail left on his cell phone has an ECA corporate logo located on the bottom left corner of the webpage.  (See Complaint ¶ 18.)  He also alleges that the call was a non-emergency call, that he never consented to receiving this voice message, and that ECA used a prerecorded or automated voice and an Automatic Telephone Dialing System ("ATDS") in violation of the TCPA.  (See Complaint ¶ ¶ 19, 20, 21.)  And Plaintiff alleges that "[u]pon information and belief, Defendant has a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a prerecorded or automated voice and an ATDS."  (See Complaint ¶ 21.)

Notably, Plaintiff does not allege that he received more than one call and does not allege with any plausibility the ECA Marketing engaged in a *pattern* of placing messages on his cell phone without his consent.  Moreover, he does not allege that ECA Marketing continued placing messages after receiving any objection from him.  As discussed below, such facts are normally required to support a claim of a *willful* TCPA violation.

The complaint asserts two claims for relief: (1) negligent violations of the TCPA; and (2) "Knowing and /or Willful" violations of the TCPA.  In support of Plaintiff's second cause of action, Plaintiff pleads only that ECA "negligently, knowingly, and/or willfully contact[ed] Plaintiff on Plaintiff's cellular telephone" and that "[t]he foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA," but does not otherwise assert any

2

facts to support these claims.  (See Complaint ¶ ¶ 1, 52.)  Plaintiff seeks class certification, appointment as the class representative, appointment of his counsel as class counsel, statutory damages of $500 per violation pursuant to 47 U.S.C. § 227(B)(3)(B), injunctive relief, and, in connection with the second claim for relief, up to $1,500 per willful violation.  Plaintiff does not allege that he ever requested that ECA cease calling him and apparently filed suit less than two months after receiving the one voicemail.

## III.   LEGAL STANDARD

### A.   Legal Standard for Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and modifications omitted). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must set forth facts that raise a "plausible inference" that the defendant inflicted a legally cognizable harm upon the plaintiff.  *Iqbal*, 556 U.S. at 682; *see also Twombly*, 550 U.S. at 555 (a court must disregard "formulaic recitation of the elements of a cause of action").  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

When considering a Rule 12(b)(6) motion for failure to state a claim, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  The Court is not required to accept as true allegations "that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*, 536 F.3d at 1055 (9th Cir. 2008).  Nor must the Court ***"accept as true a legal conclusion couched as a factual allegation."***  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555; emphasis

added)).  The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  This requires the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  *Id*.  "A dismissal under rule 12(b)(6) may be based on either a lack of a cognizable legal theory or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quotations and citations omitted).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).)[2]

**B.     Legal Standard for a TCPA Claim**

The TCPA makes it "unlawful for any person…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."  47 U.S.C. § 227(b)(1)(A).  An "automatic telephone dialing system," or ATDS, is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number

---

[2] Courts in this Circuit follow the majority rule that a partial motion to dismiss stays the time to answer the complaint—including unchallenged claims—until the partial motion to dismiss is resolved.  *E.g., Palantir Techs., Inc. v. Palantir.net, Inc.*, 2011 WL 62411, at *2 (N.D. Cal. Jan. 7, 2011); *Batdorf v. Trans Union*, 2000 WL 635455, at *5 (N.D. Cal. May 8, 2000); *see also* Wright & Miller, Fed. Practice & Proc. § 1346 (2010).  Accordingly, ECA will file an answer at such time as the Court directs, or within 14 days following disposition of this Motion, whichever occurs first.

4

generator; and (B) to dial such numbers."  47 U.S.C § 227(a)(1).  To state a claim for a violation of the TCPA, the Ninth Circuit has explained that a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); see 47 U.S.C. § 227(b)(1).

Courts have held that a "[d]efendant willfully or knowingly violates the TCPA where plaintiff notifies defendant to stop calling and defendant disregards the request."  *Brandt v. Ocwen Loan Servicing, LLC*, 2017 WL 5878581, at *10 (E.D. Cal. Nov. 29, 2017); *see also Sapan v. Auth. Tax. Servs., LLC*, 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014); *Onley v. Progressive Cas. Ins. Co.*, 993 F. Supp. 2d 1220, 1227 (S.D. Cal. 2014).

## IV.   ARGUMENT

The Court should dismiss the second claim for relief in Plaintiff's Complaint, which attempts to assert a knowing or willful violation of the TCPA, because it is unsupported by any allegations of fact.  Plaintiff seeks the award of treble damages, alleging that ECA's alleged violations of the TCPA were "willful" because ECA used a prerecorded message and, "upon information and belief," called others besides Plaintiff. (See Complaint ¶ 21.)  This bare allegation does not, and cannot, pass muster under *Iqbal/Twombly* and Plaintiff's request for treble damages should be stricken or dismissed for that reason alone.  *See Breidenbach v. Experian*, 2013 U.S. Dist. LEXIS 35807, at *7, *18 (S.D. Cal. Mar. 13, 2013) (dismissing TCPA claim for failure to allege sufficient facts) (citations omitted).

A plaintiff's pleading obligation is not satisfied when the plaintiff simply parrots the statutory language.  *Priester v. eDegreeAdvisor, LLC*, 2017 WL 4237008, at *2 (N.D. Cal. Sept. 25, 2017).  "Finding otherwise would eviscerate the plausibility standard to which complaint's allegations must adhere under Rule 8."  *Id.*; *see also See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d

5

990, 996 (9th Cir. 2014) (reciting that "to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and that "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").  Here, Plaintiff has simply speculated that ECA left more than the one voicemail he received and asserts that ECA must have acted willfully in doing so.  This does not meet the Rule 8 pleading standard and is precisely the kind of "unadorned, the-defendant-unlawfully-harmed-me-accusation" the court in *Iqbal* rejected as insufficient to satisfy Rule 8.  556 U.S. at 678.

Plaintiff is plainly not aware of a single other call placed to his phone from the same phone number, or a single other individual contacted by that same phone number.  And even if the caller contacted others in the same manner as is alleged in the Complaint, Plaintiff offers no facts indicating that the caller knew that it was thereby violating the TCPA, let alone that it violated the statute intentionally.  Plaintiff does not, for example, allege that the <u>subscriber</u> who owns the cell phone number he uses did not consent to calls from ECA.[3]  He does not allege that ECA contacted him repeatedly or that he ever contacted ECA asking not to be called.  He likewise does not allege that other called parties did not consent to telephonic outreach.  Nor does he allege that his or any other person's phone number was registered on any Do-Not-Call list.  And finally, he does not allege that Plaintiff has ever before been accused of violating the TCPA.

---

[3] Plaintiff has alleged that he is the user of the cell phone number, but not the subscriber who owns the number.  Often, the subscriber and the user are different persons (e.g., when there are corporate, family, or group phone plans).

6

For these reasons, the Court should dismiss Plaintiff's allegations of willful or knowing TCPA violations. *Ris v. ICollect.com, Corp.*, 2017 WL 2620545, at *2 (M.D. Fla. June 16, 2017) (refusing to award treble damages where "complaint does not include factual allegations sufficient for the Court to find that Defendant willfully or knowingly violated the TCPA"); *Chen v. Allstate Ins. Co*., No. C 13-0685 PJH, 2013 WL 2558012, at *11 (N.D. Cal. June 10, 2013) (dismissing the cause of action for knowing and/or willful violations of the TCPA); *see also Breidenbach v. Experian*, 2013 U.S. Dist. LEXIS 35807, at *7, *18 (S.D. Cal. Mar. 13, 2013) (dismissing TCPA claim for failure to allege sufficient facts) (citations omitted).

## V. CONCLUSION

For the foregoing reasons, Plaintiff has not alleged any basis on which the Court could award him treble damages and Plaintiff's second claim for relief for knowing and/or willful violations of the TCPA should be dismissed.

Dated:  July 27, 2020                    Respectfully submitted,


By:   */s/ Kenneth G. Parker*
Kenneth G. Parker
Attorneys for Defendant
ECA MARKETING, INC.

7