1  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian (SBN: 249203)
2  ak@kazlg.com
   245 Fischer Avenue, Suite D1
3  Costa Mesa, California 92626
   Telephone: 800.400.6808
4  Fax: 800.520.5523

5  **KAZEROUNI LAW GROUP, APC**
   Yana A. Hart (SBN: 306499)
6  yana@kazlg.com
   2221 Camino Del Rio South, Suite 101
7  San Diego, California 92108
   Telephone: 619.233.7770
8  Fax: 619.297.1022

9  Attorneys for Plaintiff
   RYAN ODOM
10

11              **UNITED STATES DISTRICT COURT**

12     **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

13

14  RYAN ODOM, on behalf of himself and     Case No. 5:20-cv-00851-JGB
    others similarly situated,
15
                  Plaintiff,
16                                           **PLAINTIFF'S OPPOSITION TO
         v.                                  DEFENDANT ECA MARKETING'S
17                                           MOTION TO DISMISS UNDER
    ECA MARKETING, INC.,                     RULE 12(b)(6)**
18
                  Defendant.                 Date: August 31, 2020
19                                           Time: 9:00 a.m.
                                             Courtroom: 1
20                                           Judge: Hon. Jesus G. Bernal

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

In early 2020, ECA called Ryan Odom's ("Plaintiff") cell phone to market a financial product. (Compl. ¶ 17.) Plaintiff did not answer ECA's telephone call, so ECA left a pre-recorded voice message directing Plaintiff to a website where he could download a financial book. (*Id.*) After receiving the unsolicited call, Plaintiff filed a complaint against ECA. (*See* Compl.) In his complaint, Plaintiff alleged that ECA negligently, knowingly, and/or willfully contacted Plaintiff on his cell phone, in contravention of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (*Id.* ¶¶ 1-56.)

In response, ECA filed this Motion, requesting that the Court dismiss Plaintiff's second cause of action, in which Plaintiff alleges that ECA knowingly and/or willfully violated the TCPA. (Def.'s Mot. to Dismiss 1:18-20.) ECA challenges these allegations based on one argument: that Plaintiff "generically alleges the willfulness claim in a manner that simply parrots the statutory language and is not sufficient under Rule 8 or relevant authority . . . ." (*Id.* at 1:14-15.)

As explained in further detail below, Plaintiff satisfies Rule 8's pleading standard because Plaintiff sufficiently alleges that ECA willfully and/or knowingly violated the TCPA. A willful/knowing violation can be shown in various ways, including placing a single call or sending a single text message without having a basis to believe that the recipient consents to the call/message. *See Meyer v. Bebe Stores, Inc.*, 2015 U.S. Dist. LEXIS 12060 (N.D. Cal. Feb. 2, 2015). Furthermore, various courts—including this one—agree that striking or dismissing a willfulness claim at this stage is premature. *See Daniel v. Lennar Corp.*, 2019 U.S. Dist. LEXIS 228897, at *15 (C.D. Cal. Oct. 16, 2019); *Cosper v. Veros Credit, LLC*, 2017 U.S. Dist. LEXIS 148540, at *13 (E.D. Cal. Sept. 13, 2017). Accordingly, this Court should deny ECA's Motion to Dismiss so that the parties can address the issue after discovery.

///

///

## II.    FACTUAL BACKGROUND

On March 8, 2020, ECA called Plaintiff's cell phone, using a pre-recorded voice, to advertise its products. (Compl. ¶ 17.) Plaintiff never asked ECA about its services; he also never authorized ECA to place pre-recorded calls to his cell phone. (*Id.* ¶ 16.) Nevertheless, ECA placed an unsolicited call to Plaintiff's cell phone, in an alleged attempt to "help[] connect financial advisers (like Plaintiff), asset managers, and life insurance agents with the tools and resources needed to obtain more business and select the best products for their clients." (Compl. ¶ 17; Def.'s Mot. to Dismiss 1:9-12.) Even though ECA did not connect with Plaintiff, it still left a pre-recorded voice message that was about one minute and forty second long. (Compl. ¶ 17.) In the message, ECA directed Plaintiff to http://pozfaststart.com, a website where Plaintiff could download a copy of David McKnight's, "The Power of Zero." (*Id.*)

On April 21, 2020, Plaintiff filed a class action complaint against ECA for its placing unwelcomed calls to Plaintiff, and others like him, without their prior express consent—a blatant violation of the TCPA. (*Id.* ¶¶ 1-56.) ECA's generic voicemail left by a pre-recorded voice evidences ECA's mass-calling practice. (*Id.* ¶ 21.) The message does not address Plaintiff, nor does it make any specific references pertaining to Plaintiff; instead, the message consists of a pre-recorded commercial. (*Id.* ¶ 17.) ECA never obtained any type of prior express consent from Plaintiff to call him on his cell phone, a cell phone for which Plaintiff is the sole user. (*Id.* ¶¶ 15, 19.) Given that the generic call consists of a robotic advertisement, Plaintiff believes that ECA has a policy and regular practice of placing calls to consumers' cell phones using a pre-recorded voice without any prior express consent—written or otherwise. (*Id.* ¶ 21.)

As a result, Plaintiff asserted two causes of action against ECA, including: 1) negligently violating the TCPA; and 2) willfully and/or knowingly violating the TCPA. (*Id.* ¶¶ 47-54.) ECA incorrectly argues in its Motion that Plaintiff's complaint fails to satisfy the liberal Rule 8 pleading standard by claiming that a willful violation

of the TCPA requires more than one unsolicited call. (Def.'s Mot. to Dismiss 2:17-19.) According to ECA, Plaintiff's willfulness allegations fail because "Plaintiff does not allege that he received more than one call . . . [or that] ECA Marketing engaged in a pattern of placing messages on his cell phone without his consent." (*Id.*) ECA also argues that to prove a willful or knowing violation of the TCPA, Plaintiff must allege "that ECA Marketing continued placing messages after receiving an[] objection from him." (*Id.* at 2:20-21.) These failures, according to ECA, are *normally* required to support a claim for a willful violation of the TCPA. (*Id.* at 2:21-22.)

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A court may dismiss a complaint for a plaintiff's failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court may dismiss a complaint based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleadings. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched as factual allegations are not sufficient to state a cause of action. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also*

- 4 -

*McGlinchy v. Shell Chem. Co*., 845 F.2d 802, 810 (9th Cir. 1988). The plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv*., 572 F.3d 962, 969 (9th Cir. 2009).

'"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."' *Keifer v. HOSOPO Corp.*, 2018 U.S. Dist. LEXIS 183468, at *5-6 (S.D. Cal. Oct. 25, 2018) (quoting *Iqbal*, 556 U.S. at 679); *Pacleb. v. Cops Monitoring*, 2014 U.S. Dist. LEXIS 91976, at * 4 (C.D. Cal. July 7, 2014). "Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials)." *Pacleb*, 2014 U.S. Dist. LEXIS 91976, at * 4 (citing *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1542, 1537 (9th Cir. 1996)). "For all these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *Id.* at *4-5 (citing *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)).

## IV.   ANALYSIS

The Court should deny ECA's Motion to Dismiss because various courts have found that allegations similar to Plaintiff's satisfy Rule 8's pleading standard, and ECA's one call to Plaintiff's cell phone is enough to establish a willfulness violation of the TCPA. To successfully plead a TCPA claim, a plaintiff must allege that the defendant (1) called a cellular telephone number; (2) using an ATDS *or* an artificial or pre-recorded voice; (3) without the recipient's prior express consent. *Keifer*, 2018 U.S. Dist. LEXIS 183468, at *6 (citing 47 U.S.C. § 227(b)(1) and *Los Angeles Lakers*,

- 5 -

1   *Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017)); *Meyer v. Portfolio Recovery*
2   *Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

3       For knowing or willful violations, a court may award statutory damages of up
4   to $1,500 per violation. 47 U.S.C. § 227(b)(3). The TCPA is essentially a strict
5   liability statute which imposes liability for erroneous unsolicited calls. *See Berman v.*
6   *Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 980 (9th Cir. 2019); *Abdeljalil v.*
7   *GE Capital Corp.*, 306 F.R.D. 303, 311 (9th Cir. 2015); *Alea London Ltd. V. American*
8   *Home Svcs.*, 638 F.3d 768, 776 (11th Cir. 2011); *A Fast Sign Co., Inc. v. Am. Home*
9   *Servs., Inc.*, 291 Ga. 844, 846, 734 S.E.2d 31, 32 (2012). As "a remedial statue that
10  was passed to protect consumers from unwanted automated telephone calls," the
11  TCPA "should be construed to benefit consumers." *Grager v. Dell Fin. Servs., LLC*,
12  727 F.3d 265, 271 (3d Cir. 2013).

13      The purpose of the TCPA is to protect against calls like the one ECA made to
14  Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to
15  how creditors and telemarketers may call them, and it made specific findings that
16  "[t]echnologies that might allow consumers to avoid receiving such calls that are not
17  universally available, are costly, are unlikely to be enforced, or place an inordinate
18  burden on the consumer." TCPA, Pub. L. No. 102-243, § 11. Accordingly, Congress
19  found that:

> Banning such automated or prerecorded telephone calls to the
20  home, except when the receiving party consents to receiving
    the call or when such calls are necessary in an emergency
21  situation affecting the health and safety of the consumer, is
    the only effective means of protecting telephone consumers
22  from this nuisance and privacy invasion.

23  *Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL
24  3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's
25  purpose).

26      Thus, considering Rule 8's liberal pleading standard and the background of the
27  TCPA, ECA's motion should be denied because (a) courts repeatedly denied similar
28  motions; and (b) even a single call could be willful.

KAZEROUNI
LAW GROUP, APC

a. <u>Courts Have Repeatedly Denied Rule 12(b)(6) Motions to Dismiss in Cases with Factual Allegations Similar to Plaintiff's Allegations</u>

At the outset, dismissal of a claim for a willful or knowing violation of the TCPA is not the appropriate relief. As the Honorable Judge Staton held recently in a similar TCPA case: "The Court need not address [a claim for treble damages] because '[w]hen a plaintiff states a claim, the appropriate form of relief is not to be decided upon a motion to dismiss." *Daniel*, 2019 U.S. Dist. LEXIS 228897, at *14-15 (citing *Wildin v. FCA US LLC*, 2018 WL 3032986, at *6 (S.D. Cal. June 19, 2018) (citing *Spann v. J.C. Penney Corp.*, SA CV 12-0215 FMO (RNBx), 2015 WL 1526590, at *4 (C.D. Cal. Mar. 17, 2015))).

Despite the timing of these types of motions, courts have denied Rule 12(b)(6) motions to dismiss claims of willful/knowing violations of the TCPA in cases with facts like those alleged here. *See Daniel*, 2019 U.S. Dist. LEXIS 228897; *Meyer*, 2015 U.S. Dist. LEXIS 12060. In *Daniel*, for example, the plaintiff received a single unsolicited text message and alleged that the defendant sent thousands of similar text messages to others, en masse, using an automated dialing system. *Daniel*, 2019 U.S. Dist. LEXIS 228897, at *2. The court found that these allegations were sufficient to withstand the defendant's motion to dismiss plaintiff's claim of a willful/knowing violation of the TCPA. *Id.* at *14-15.

Here, Plaintiff, like the plaintiff in *Daniel*, alleges factual allegations in his complaint to sufficiently establish that ECA violated the TCPA negligently, willfully, and/or knowingly. Plaintiff alleges that he did not have a previous business relationship with ECA; that ECA nevertheless called his cell phone, for which he is the sole and regular user, and left a generic pre-recorded marketing voice message; and that ECA did not have Plaintiff's prior express consent to call him. (Compl. ¶¶ 14-27.)

Courts have repeatedly found that these allegations, which courts must take as true when deciding on a Rule 12(b)(6) motion, sufficiently satisfy Rule 8's pleading

standard. *See, e.g.*, *Daniel*, 2019 U.S. Dist. LEXIS 228897, at \*14-15; *Spann*, 2015 U.S. Dist. LEXIS 188142, 2015 WL 1526590, at \*4; *Lemieux v. AT&T*, 2011 U.S. Dist. LEXIS 166532, at \*12 (S.D. Cal. May 16, 2011) (finding that plaintiff's allegations that defendant provided a service for which it sells, solicits, and advertises nationwide, sufficiently satisfied Rule 8's pleading standard because a willful and knowing violation "is the knowledge that a prerecorded audio was used to communicate to another party."); *Pacleb*, 2014 U.S. Dist. LEXIS 91976, at \*12-13 (taking plaintiff's allegations that defendant's conduct constituted "multiple knowing and/or willful violation of the TCPA" as true, and denying defendant's motion to dismiss plaintiff's willful/knowing claim).

As a result, Plaintiff's allegations sufficiently satisfy Rule 8's liberal pleading standard. For this reason alone, the Court should deny ECA's Motion to Dismiss.

b. Even a Single Call Placed to Thousands or Millions of Consumers Could Be Willful

ECA erroneously argues that Plaintiff must plead that he received more than one call to establish that ECA willfully or knowingly violated the TCPA. (Def.'s Mot. 2:17-19) ("Plaintiff does not allege that he received more than one call . . . [or that] ECA Marketing engaged in a *pattern* of placing messages on his cell phone without his consent.") (emphasis in original). ECA also argues that "Plaintiff does not allege that he ever requested that ECA cease calling him . . . ." (*Id.* at 3:5-7.) ECA claims that courts "normally require" these factors to find a willful /knowing violation of the TCPA. (*Id.* at 2:21-22.)

In support of these supposed requirements, ECA cites *Brandt v. Ocwen Loan Servicing, LLC*, where the court wrote: "Defendant willfully or knowingly violates the TCPA where plaintiff notifies defendant to stop calling and defendant disregards the request." 2017 U.S. Dist. LEXIS 196364, at \*30, (E.D. Cal. Nov. 29, 2017) (citing *Sapan v. Auth. Tax. Servs., LLC*, 2014 U.S. Dist. LEXIS 196025, at \*2 (S.D. Cal. July 15, 2014)). In *Brandt*, the court denied the defendant's motion to dismiss because,

- 8 -

among other allegations, the plaintiffs alleged that they called defendant to revoke any consent they had given, but the defendant continued to call their cell phones anyway. *Id.* at *31. But the court did not find that only this allegation supported plaintiffs' willful/knowing violation claim, as the court found it equally relevant that plaintiffs also alleged that defendant called their cell phones between 1,000 to 2,000 times over the course of five years. *Id.*

Despite the *Brandt* court's findings, not all courts look to whether the plaintiff notified the defendant to stop calling. In *Keifer*, for example, the court found that plaintiff had sufficiently pled that defendant knowingly and/or willfully violated the TCPA. 2018 U.S. Dist. LEXIS 183468, at *12-13. In support of its finding, the court looked to plaintiff's complaint, and it noted that plaintiff alleged that "the foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA . . . ." *Id.* at *13. The court took these allegations as true for purposes of defendant's motion to dismiss, and it therefore denied the defendant's motion. *Id.*

Like Keifer, Plaintiff here plead that "the foregoing acts and omissions of Defendant constitute multiple knowing and/or willful violations of the TCPA . . . ." (*Id.* ¶ 52.) In addition, Plaintiff alleges that he never provided ECA with consent; that he never solicited ECA's business; and that he still received a generic pre-recorded voice message advertising ECA's products. (Compl. ¶¶ 14-21.) Plaintiff does not challenge these allegations. *See Lemieux*, 2011 U.S. Dist. LEXIS 166532, at *12 (finding that a willful and knowing violation is present when the defendant knows that pre-recorded audio was used to communicate to another party). These allegations, therefore, alone satisfy Rule 8's pleading standard. *See, e.g.*, *Daniel*, 2019 U.S. Dist. LEXIS 228897, at *15 ("It would be premature to strike or dismiss the request for treble damages prior to further development of the factual record on the issue [of whether defendant willfully and/or knowingly violated the TCPA]."); *Cosper*, 2017 U.S. Dist. LEXIS 148540, at *13 (finding that "striking the knowing or willful

allegations would, prior to discovery, be premature."). As a result, the Court should deny ECA's Motion to Dismiss, thereby allowing the parties to address the willful/knowing violation claim after discovery when the Court has examined why ECA called Plaintiff and others, and the number of calls ECA placed without the consumers' prior express consent.

## V.   CONCLUSION

Plaintiff pleads sufficient factual allegations in his Complaint to satisfy Rule 8's pleading standard, because he alleges that ECA called his cell phone, using a pre-recorded voice, without his prior express consent. Whether a plaintiff asks the defendant to stop calling is not a requirement to find that a violation of the TCPA is willful or knowing. The number of times the defendant called the Plaintiff is also not a requirement. For these reasons, the Court should deny ECA's Motion to Dismiss.

Dated: August 10, 2020

KAZEROUNI LAW GROUP, APC


By _____/s/ Abbas Kazerounian_____
ABBAS KAZEROUNIAN
YANA A. HART

Attorneys for Plaintiff
RYAN ODOM