UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-851 JGB (SHKx)** | Date | August 20, 2020 |
| Title | ***Ryan Odom v. ECA Marketing, Inc.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Defendant's Partial Motion to Dismiss (Dkt. No. 16); and (2) VACATING the August 31, 2020 Hearing (IN CHAMBERS)**

Before the Court is a Motion to Dismiss Plaintiff's Second Claim for Relief under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant ECA Marketing. ("Motion," Dkt. No. 16.) The Court determines this matter is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court DENIES Defendant's Motion. The August 31, 2020 hearing is VACATED.

## I.   BACKGROUND

On April 21, 2020, Plaintiff Ryan Odom filed a putative class action complaint against Defendant. ("Complaint," Dkt. No. 1.) The Complaint alleges violations of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227 *et. seq.* on behalf of Plaintiff and others similarly situated. (Dkt. No 1.) Plaintiff's first claim alleges negligent violations of the TCPA and his second alleges knowing and/or willful violations of the same statute (a predicate to receiving treble damages). (Dkt. No. 1.) On July 27, 2020, Defendant filed this Motion to Dismiss Plaintiff's second claim. (See Motion.) Plaintiff filed his Opposition on August 10, 2020. ("Opposition," Dkt. No. 24.) Defendant replied on August 17, 2020. ("Reply," Dkt. No. 25.)

## II.   FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this Motion.  On March 8, 2020, Defendant called Plaintiff's cell phone and left a pre-recorded voice message advertising a book and video package, the "Power of Zero Fast Start Kit," to Plaintiff. Defendant's message was unsolicited, not for the purpose of an emergency, and not in response to any prior express consent from Plaintiff.  Plaintiff infers from this message that Defendant has a practice of making pre-recorded calls to advertise using an automatic telephone dialing system which places calls without the need for human callers.  Plaintiff alleges that other consumers received the same pre-recorded message under the same or similar circumstances and seeks to certify a class.  Plaintiff seeks statutory damages and injunctive relief under the TCPA.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk <u>iv</u>

## IV.    DISCUSSION

The TCPA is a statute which prohibits most automated telemarketing.  It was enacted in response to a "torrent of vociferous consumer complaints about intrusive robocalls," <u>Barr v. Am. Ass'n of Political Consultants, Inc</u>, 140 S. Ct. 2335, 2344 (2020), considered by some to be "the scourge of modern civilization," 140 S. Ct. at 2234 (quoting 137 Cong. Rec. 30821 (1991)).  The statute makes it unlawful to use an automated telephone dialing system or a prerecorded voice message to call telephone lines, including cell phones; it contains exceptions for emergency calls and calls for which there is express consent.  <u>See</u> 47 U.S.C. § 227(b)(1)(A).  Successful TCPA claims require that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  <u>Los Angeles Lakers, Inc. v. Fed. Ins. Co.</u>, 869 F.3d 795, 804 (9th Cir. 2017) (quoting <u>Meyer v. Portfolio Recovery Assocs., LLC</u>, 707 F.3d 1036, 1043 (9th Cir. 2012)).  For negligent violations of the TCPA, a plaintiff may receive either actual damages or statutory damages in the amount of $500 per violation.  47 U.S.C. § 227(b)(3).  For knowing or willful violations, statutory damages of up to $1,500 per violation may be awarded.  <u>Id.</u>

In the instant case, Defendant moves to dismiss only Plaintiff's claim that it violated the TCPA knowingly and/or willfully.  (Dkt. No. 16.)  It argues that Plaintiff does not allege that Defendant called him multiple times, or that Defendant called him after he objected to contact.  <u>Id.</u>  The parties agree that Plaintiff's individual claim is limited to the single pre-recorded voicemail he received on March 8, 2020.  (Dkt. No. 1, 16.)

Though Defendant is correct that a single automated phone call, without more, may fall short of willfulness under the TCPA, a Rule 12(b)(6) motion requires only that a plaintiff has alleged facts that raise a "plausible inference" of liability.  <u>Iqbal</u>, 556 U.S. at 678.  Moreover, courts must accept well-pleaded factual allegations from plaintiffs' complaints as true.  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555).  Accepting Plaintiff's allegations as fact, it is logical for him to infer that Defendant was using an automatic dialing system to place the pre-recorded robocall he received—automated messages are evidence of automated calls.  By nature, automatic dialing systems produce a vast volume of calls, more than an individual person could dial.  It is more than plausible that others received the same pre-recorded message.  The plausible inference that many consumers received identical automated telemarketing messages from Defendant could satisfy the standard for willfulness under the TCPA.  If it seems odd that "a single pre-recorded message received on [Plaintiff's] cell phone" could give rise to a federal cause of action, the oddity is Congress' to own. (<u>See</u> Dkt. No. 16.)

## V.    CONCLUSION

For the reasons above, the Court DENIES Defendant's Motion.  The August 31, 2020 hearing is VACATED.


**IT IS SO ORDERED.**