Mark D. Erickson (Bar No. 104403)
mark.erickson@haynesboone.com
Andrea Levenson (Bar No. 323926)
andrea.levenson@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Telephone: (949) 202-3000
Facsimile: (949) 202-3001

R. Thaddeus Behrens (Bar No. 196322)
Thad.behrens@haynesboone.com
**HAYNES AND BOONE, LLP**
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

Emily Westridge Black
  (admitted *pro hac vice*)
Emily.black@haynesboone.com
**HAYNES AND BOONE, LLP**
600 Congress Ave., Suite 1300
Austin, Texas 78701
Telephone: (512) 867-8422
Facsimile:  (512) 867-8605

*Attorneys for Defendant
ECA MARKETING, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| RYAN ODOM, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ECA MARKETING, INC.,<br><br>Defendant. | Case No.:  5:20-CV-00851 JGB (SHKx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ECA MARKETING, INC** |

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ECA MARKETING, INC

Defendant ECA Marketing, Inc. ("ECA Marketing") answers Plaintiff Ryan Odom's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1. The allegations set forth in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing admits that this action is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") but denies that any violations occurred. Except as specifically admitted, ECA Marketing denies the allegations contained therein.

2. ECA Marketing states that the TCPA speaks for itself and refers the Court to the full text of the statute for a complete recitation thereof. ECA Marketing admits that the cited case contains the quoted language. ECA Marketing otherwise denies the allegations in Paragraph 2 of the Complaint to the extent they are inconsistent with the TCPA and further denies that the Complaint describes a violation of the TCPA.

3. ECA Marketing denies the allegations contained in Paragraph 3 of the Complaint, except that ECA Marketing admits that the quoted language comes from the TCPA Congressional findings and admits that the cited case discusses an interpretation of the TCPA's purpose.

4. ECA Marketing denies the allegations contained in Paragraph 4 of the Complaint, except that ECA Marketing admits that the quoted language comes from the TCPA and the cited case discusses an interpretation of the TCPA's purpose.

5. ECA Marketing denies the allegations contained in Paragraph 5 of the Complaint, except that ECA Marketing admits that the quoted language comes from the cited case.

6. The allegations set forth in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed

necessary, ECA Marketing admits that Plaintiff purports to bring this class action and seeks damages for himself and others similarly situated, but specifically denies that this action is appropriate for class treatment and further denies that Plaintiff or any other putative class member was damaged in any manner.

## JURISDICTION AND VENUE

7. The allegations set forth in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing admits that this Court has federal question subject matter jurisdiction because the action arises under the TCPA but denies that any violations occurred. Except as specifically admitted, ECA Marketing denies the allegations contained therein.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

9. The allegations set forth in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary: Admitted.

## PARTIES & DEFINITIONS

10. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Admitted.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing admits that it is a "person" as defined by 47 U.S.C. §153 (39).

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed

necessary, ECA Marketing admits that it is a "National Annuity and Life Marketing Organization doing business in all 50 states and several U.S. territories." Except as specifically admitted, ECA Marketing denies any remaining allegations in Paragraph 13 of the Complaint.

## FACTUAL ALLEGATIONS

14. ECA Marketing denies that it violated the TCPA and otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies them.

17. ECA Marketing specifically denies that it called Plaintiff's cellular telephone. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.

18. Admitted.

19. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. The allegations set forth in Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary: Denied.

21. ECA Marketing denies the allegations in Paragraph 21.

22. ECA Marketing denies the allegations in Paragraph 22.

23. ECA Marketing denies the allegations in Paragraph 23.

24. ECA Marketing denies the allegations contained in Paragraph 24 of the Complaint, except that ECA Marketing admits that the quoted language comes from the TCPA.

25. ECA Marketing is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. ECA Marketing denies the allegations in Paragraph 26.

27. ECA Marketing admits that Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C. § 227(b)(3). Except as specifically admitted, ECA Marketing denies any remaining allegations in Paragraph 27 of the Complaint.

## **STANDING**

28. ECA Marketing denies the allegations contained in Paragraph 28 of the Complaint, except that ECA Marketing admits that the cited factors are described in the cited cases.

29. Admitted.

30. ECA Marketing denies the allegations contained in Paragraph 30 of the Complaint, except that ECA Marketing admits that the quoted language comes from the cited case.

31. ECA Marketing denies the allegations contained in Paragraph 31 of the Complaint, except that ECA Marketing admits that the quoted language comes from the cited case.

32. Admitted.

33. ECA Marketing denies the allegations in Paragraph 33.

34. The allegations set forth in Paragraph 34 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, admitted.

35. ECA Marketing admits that Plaintiff's Prayer for Relief includes a request for damages. Except as specifically admitted, ECA Marketing denies any remaining allegations in Paragraph 35 of the Complaint.

36. ECA Marketing denies the allegations in Paragraph 36.

## CLASS ACTION ALLEGATIONS

37. ECA Marketing admits that Plaintiff purports to bring this action as a class action for himself and a putative class, but specifically denies that this action is appropriate for class treatment and further denies that Plaintiff or any other putative class member was damaged in any manner.

38. ECA Marketing admits that Plaintiff purports to bring this action as a class action for himself and a putative class, but specifically denies that this action is appropriate for class treatment and further denies that Plaintiff or any other putative class member was damaged in any manner.

39. ECA Marketing admits that Plaintiff purports to bring this action as a class action for himself and a putative class, but specifically denies that this action is appropriate for class treatment and further denies that Plaintiff or any other putative class member was damaged in any manner.

40. ECA Marketing admits that Plaintiff purports to bring this action as a class action for himself and a putative class, but specifically denies that this action is appropriate for class treatment and further denies that Plaintiff or any other putative class member was damaged in any manner.

41. ECA Marketing admits that Plaintiff purports to bring this action as a class action against ECA Marketing but otherwise denies any remaining allegations in Paragraph 41 of the Complaint. ECA Marketing further denies that this case can be certified as a class action.

42. The allegations set forth in Paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

5
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ECA MARKETING, INC

43. The allegations set forth in Paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

44. The allegations set forth in Paragraph 44 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

45. The allegations set forth in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

46. The allegations set forth in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the TCPA**

**47 U.S.C. § 227** *et seq.*

47. ECA Marketing incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

48. The allegations set forth in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

49. Denied.

50. ECA Marketing admits that Plaintiff seeks injunctive relief on behalf of himself and a putative class, but denies that they are entitled to such relief.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the TCPA**

**47 U.S.C. § 227** *et seq.*

51. ECA Marketing incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

52. The allegations set forth in Paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, ECA Marketing denies the allegations contained therein.

53. Denied.

54. ECA Marketing admits that Plaintiff seeks injunctive relief on behalf of himself and a putative class, but denies that they are entitled to such relief.

## PRAYER FOR RELIEF

55. ECA Marketing denies that Plaintiff is entitled to any relief prayed for in the Complaint and therefore denies his entitlement to the relief requested in Paragraph 55 and each of the unnumbered sub-paragraphs under the caption "PRAYER FOR RELIEF."

## TRIAL BY JURY

56. ECA Marketing joins in Plaintiff's demand for a trial by jury.

## ADDITIONAL DEFENSES

Each and every allegation of the Complaint not expressly admitted is hereby denied. Additionally, for its defenses to the Complaint, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, ECA Marketing states as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint and each purported cause of action contained therein fails to state a claim against ECA Marketing upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Consent)

The Complaint and each purported cause of action contained therein is barred to the extent that Plaintiff, the subscriber who owns Plaintiff's telephone number, or any other user of Plaintiff's telephone number consented to the alleged

calls, including, without limitation, "prior express consent" under the Telephone Consumer Protection Act ("TCPA").  The claims of any putative class member are likewise barred to the extent that any subscriber or user of the putative class member's telephone number consented to the alleged calls.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Control)

Any purported damages to Plaintiff, which ECA Marketing continues to deny, are the result of the acts or omissions of persons or entities over whom ECA Marketing has neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff has suffered no injury and does not have standing to assert TCPA claims against ECA Marketing.  Plaintiff has suffered no injury-in-fact and does not have standing to assert TCPA claims against ECA Marketing.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

## FIFTH AFFIRMATIVE DEFENSE
### (Excessive Penalties)

The statutory penalties sought by Plaintiff are excessive and violate the due process clause of the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

As applied, the TCPA violates the First Amendment of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE
### (Content-Based Speech)

As applied, the TCPA violates the First Amendment, Due Process Clause, and Equal Protection Clause because it impermissibly discriminates against speech

on the basis of its content.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Willful or Knowing Violation)

Plaintiff is precluded from any enhanced statutory damages from ECA Marketing for alleged violations of the TCPA because to the extent ECA Marketing committed any violations (which ECA Marketing expressly denies occurred), such violations were not willful or knowing.

## NINTH AFFIRMATIVE DEFENSE

### (Reasonable Procedures)

ECA Marketing cannot be liable for any purported violations of 47 U.S.C. § 227(c)(5) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection.

## TENTH AFFIRMATIVE DEFENSE

### (No Charge for the Call)

The alleged claims are barred with respect to Plaintiff to the extent he incurred no additional charge for the call allegedly received in violation of the TCPA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutionally Vague)

The TCPA is unconstitutionally vague with respect to the definition of "automatic telephone dialing system" and "pre-recorded voice."

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification/Privilege)

The conduct of ECA Marketing in regard to the matters alleged in Plaintiff's Complaint was justified and/or privileged under applicable law, and by reason of the foregoing, Plaintiff is barred from any recovery against ECA Marketing.

Dated:  September 3, 2020              Respectfully submitted,


By: */s/ Mark D. Erickson*
Mark D. Erickson
Attorneys for Defendant
ECA MARKETING, INC.